**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**BILLY CULVER, et al**                                                                         **PLAINTIFFS**

**V.**                                               **CASE NO. 3:04CV176**

**KEN GRIFFIN, et al**                                                             **DEFENDANTS**

## ORDER

This cause comes before the Court on three motions: the defendant's motion to dismiss [12-1], the defendants' separate motion to dismiss for lack of jurisdiction [19-1], and the plaintiffs' motion for leave to file sur-rebuttal [41-1]. The plaintiff's motion is GRANTED. The Court has reviewed the briefs and exhibits pertaining to the other two motions and is prepared to rule.

The plaintiffs are Billy and Pat Culver, who are suing both in their individual capacities and as plan participants and beneficiaries on behalf of Group Health Care Plan of Heath Home Furnishings LLC, Stratford Upholstery Company, LLC and/or Simmons Upholstery Company LLC. The defendants include Ken Griffen, Don Griffen, Ken and Diane Hendricks, and 10 fictitious defendants. The complaint alleges that the defendants are responsible for diverting money deducted from the paychecks of the Culvers and other plan participants which was meant for their employee retirement and insurance plan ("the Plan"). These funds were allegedly then diverted into non-plan accounts and for the defendants own benefit. The complaint also invokes the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Consequently, federal question jurisdiction exists under 28 U.S.C. § 1331.

The defendants' first motion to dismiss was filed on January 18, 2005 by Ken Griffin. The other defendants subsequently joined in that motion. The second motion to dismiss was filed on

January 20, 2005 by Ken and Diane Hendricks. Additionally, Don Griffin's joinder motion also contained a separate motion to dismiss for lack of jurisdiction. This motion will be addressed in a subsequent order.

While the defendants raise compelling arguments regarding their potential personal liability under ERISA, the Court ultimately agrees with the plaintiffs that dismissal at this stage of the proceedings is not proper. The record before the Court concerning the actions of the defendants, their respective roles with regard to both the company and the plan administration, and whether any or all of the defendants owed a fiduciary duty to the employees is all woefully sparse. Consequently, the Court is persuaded that, if dismissal is warranted, it should only come after both sides have been permitted to engage in discovery.

Similarly, Ken Griffin's arguments pertaining to lack of personal jurisdiction are without merit. As the plaintiffs note, ERISA specifically provides for nationwide service of process, and an ERISA suit may be properly filed "in the district where the plan is administered," among other places. Ken Griffin's appeals to the Mississippi long arm statute must therefore fail.

Pursuant to the foregoing analysis, it is hereby ORDERED:

1. that the defendant's motion to dismiss [12-1] is DENIED;

2. that the defendants' separate motion to dismiss for lack of jurisdiction [19-1] is DENIED; and

3. that the plaintiffs' motion for leave to file sur-rebuttal [41-1] is GRANTED.

This is the 2nd day of September, 2005.

                                            **/s/ Michael P. Mills**
                                        **UNITED STATES DISTRICT JUDGE**